UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMIE MICCIO,

    Plaintiff,

v.

CONAGRA FOODS, INC. and/or
SIMONIZ USA, INC. and/or
EPIC INDUSTRIES, INC. and/or
KECK'S FOOD SERVICE, INC.

    Defendants.

---

COMPLAINT

Civ. No._____

Plaintiff Jamie Miccio, by and through the undersigned counsel, brings this complaint against the defendants, and alleges as follows:

1. This is an action for damages relation to defendants' development, testing, assembling, manufacture, packaging, labeling, preparing, distribution, marketing, supplying, and/or selling the defective product and its container sold under the name "Keck's Premium Food Release Spray" (hereinafter "cooking spray" or "defective product").

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Jamie Miccio ("plaintiff"), is a citizen and resident of Lowman, County of Chemung, State of New York.

3. At all times relevant hereinafter, defendant ConAgra Foods, Inc. ("ConAgra") was and is a foreign business corporation registered in Delaware, and having its principal executive office at 11 ConAgra Drive, 11-260, Omaha, Nebraska, 68102, and which has

1

routinely conducted business in the State of New York, selling its products New York on a regular basis, both before and at the time of the events alleged herein.

4. Upon information and belief, defendant Epic Industries, Inc. ("Epic") was at the time of the events alleged herein a foreign business corporation having its principal place of business at 1007 Jersey Avenue, New Brunswick, NJ, 08901, and which as well routinely did business in New Yok, selling its products in New York on a regular basis.

5. Upon information and belief, Epic was acquired by defendant Simoniz USA, Inc. ("Simoniz") after the accident alleged herein and is now a division of Simoniz which acquired all the prior assets and liabilities of said Epic, inclusive of the tort liability addressed herein.

6. Simoniz is a foreign business corporation registered in Connecticut, and having its principal executive office at 201 Boston Tpke, Bolton, Connecticut, 06043-7603, and also routinely does business in New York, selling its products in New York on a regular basis.

7. At all times relevant hereinafter, defendant Keck's Food Service, Inc. ("Keck's") was and is a foreign business corporation registered in Pennsylvania, and having its principal executive office at 2796 Route 328, Millerton, Pennsylvania, 16936, selling and distributing its own and other products throughout New York and conducting business in New York on a regular basis.

8. Plaintiff claims more than $75,000 in damages.

## SUMMARY OF THE FACTS

9. On or about July 13, 2014, plaintiff was injured when a can of Cooking Spray suddenly and without warning exploded gravely injuring plaintiff.

10. At the time of the explosion, plaintiff was an employee of Sisters Family Restaurant located at 2 N Chemung Street in Waverly, New York.

11. On the aforementioned date and at the abovementioned place, plaintiff came into work at her usual starting time, this being before said restaurant was open for service.

12. Plaintiff, who intended to make a cake, went to get eggs from the refrigerator at said restaurant when suddenly, unexpectedly, and without warning, a nearby can of Keck's Premium Food Release Spray manufactured, sold and/or distributed by the defendants herein, exploded.

13. Plaintiff thereby suffered major and severe burns over an extensive portion of her body.

14. Said burns caused grave and serious physical damage to plaintiff, including various areas and depths to her skin and even as deep as her musculature.

15. Plaintiff has thereby had to undertake months of intensive medical treatment for said injuries. She has also expended significant economic loss in relation thereto.

16. Plaintiff has further suffered psychological injuries in relation to said explosion, including, upon information and belief, PTSD and severe anxiety.

17. Said injuries are permanent in nature, including disfiguring and embarrassing scars on plaintiff's body.

18. Plaintiff has suffered past, present, and future physical and mental pain and suffering as well as past and future medical, hospital, rehabilitative, and pharmaceutical expenses and other related damages.

19. Upon information and belief, defendant ConAgra was the manufacturer of the aforementioned exploding cooking spray.

20. Upon information and belief, said cooking spray was manufactured for the defendant Epic (now Simoniz) who intended to sell it on a wholesale basis to others. In fact, the original labeling/packaging of said cooking spray was fashioned to reflect that it was an Epic product.

21. Upon information and belief, said defective product as described above was then purchased/acquired by defendant Keck's who intended to sell it on a retail basis and who affixed its own labeling/packaging to the same.

22. Defendant Keck's then sold the defective product to Sisters Restaurant on a retail basis, this occurring on or about July 2, 2014 and delivering the product on or about July 3, 2014.

## COUNT I: BREACH OF WARRANTY

23. Plaintiff realleges and incorporates by reference the allegations set forth above.

24. Through their public statements, descriptions of the defective product, advertising, catalogues, online ordering website, written materials, and other representations, defendants expressly warranted, among other things, that the aforesaid cooking spray was efficacious and safe for its intended use.

25. Plaintiff further alleges that all of the aforementioned written materials are known to defendants and in their possession and it is plaintiff's reasonable belief that these materials shall be produced by defendants and be made of record once plaintiff is afforded the opportunity to conduct discovery.

26. When defendants made those express warranties, defendant knew the purpose for which the aforesaid cooking spray was to be used, and warranted it to be in all respects safe and proper for such purpose.

27. Defendants drafted the documents and/or made the statements upon which these warranty claims are based, and in so doing, defined the terms of those warranties.

28. Said cooking spray that injured plaintiff does not conform to defendants' representations in that it is and was clearly not safe for its intended use when it suddenly exploded, plaintiff doing nothing to make that occur.

29. Said cooking spray did not conform to defendants' promises, descriptions, or affirmations of fact and was not adequately packaged, labeled, promoted, or fit for the ordinary purposes for which such products are used.

30. The plaintiff's injuries were a specific result and proximately caused by the deviations and misrepresentations of the express warranty alleged above.

31. Said cooking spray was also sold with an implied warranty of fitness (UCC 2-314) and/or implied warranty of merchantability (UCC 2-316) that the product was fit for the ordinary purpose for which such goods are used, providing a minimum level of quality to the end user here being the plaintiff and/or was otherwise of merchantable quality at time of sale.

32. The defendants were vendors or merchants of said cooking spray and sold similar goods on numerous occasions some of which also suddenly and improperly exploded.

33. That the defendants were involved in the manufacturing, selling, and/or distribution of said cooking spray.

34. That the defendants similarly breached said implied warranties of either (a) merchantability and/or (b) fitness as said cooking spray was neither minimally safe for its expected purpose or merchantable fitness as upon time of sale(s).

35. That the plaintiff's injuries were a specific result and proximately caused by the deviation and breach of the implied warranties of merchantability and/or fitness.

5

36. By said breach of express and implied warranties, plaintiff was damaged in a sum that exceeds $75,000.

## COUNT II: VIOLATION OF DUTY, STRICT LIABILITY, AND NEGLIGENCE

37. Plaintiff incorporates by reference each preceding and succeeding paragraphs as though set forth fully at length herein.

38. Defendants, directly or indirectly marketed, designed, developed, manufactured, tested, produced, labeled, inspected, packaged, distributed, promoted, advertised, released or sold said defective product when they knew, or in the exercise of ordinary care, should have known that the product posed a significant risk to the health, well-being, and safety of plaintiff which risk was not known to plaintiff.

39. At all times material hereto, defendants had a duty to the plaintiff to market, design, develop, manufacture, produce, inspect, test, label, package, promote, supply, advertise, distribute, and sell said cooking spray in a non-defective condition.

40. At all times material hereto, defendants also had a duty to warn the plaintiff of the risks and safe use of its product, defendants failed to do so.

41. Defendants were negligent and produced an unreasonably dangerous, defective, and/or unmerchantable product, inclusive of labeling giving no warning as to the highly dangerous condition of said cooking spray.

42. That the defective design and/or defects existed before the product left the control of the defendant and said product did not undergo any substantial alteration before reaching plaintiff.

43. Plaintiff was a foreseeable user of said cooking spray and was not expected to know of the dangers and defects of the product and did not know of those dangers.

44. Defendants' product was unreasonably dangerous and/or was otherwise unmarketable when sold or distributed because it was potentially explosive when simply sitting on a shelf and/or because it failed to conform to safety regulations. Furthermore, as an ordinary consumer would never expect the cooking spray to explode when used as intended and/or in a manner reasonably foreseeable by the manufacturer, inclusive of when just sitting on a shelf.

45. Defendants are thereby strictly liable for the design defects, manufacturing defects, and/or failure to warn and/or is further liable based on its negligence aforesaid.

46. As a direct and proximate result, plaintiff suffered severe and permanent injury and damages in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for judgment against the defendants as follows:

(a) Awarding compensatory damages resulting from defendants' violation of New York Law.

(b) Awarding compensatory damages resulting from defendants' breach of warranty.

(c) Awarding compensatory damages to the plaintiff incidental to plaintiff's use of the cooking spray in an amount to be determined at trial pursuant to strict liability and/or negligence.

(d) Awarding the costs and expenses of this litigation to plaintiff.

7

(e)   Granting all such other relief as the Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: March 4, 2016

WELCH, DONLON & CZARPLES PLLC

_____
Anna Czarples, Esq.
Attorney for Plaintiff
8 Denison Parkway E, Suite 203
Corning, New York 14830
Phone: 607-936-8057
Email: anna@jakewelchlaw.com