

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
JAMIE MICCO,

                Plaintiff,           DECISION AND ORDER

      v.                                  16-cv-6140

CONAGRA FOODS, INC., and
SIMONIZ USA, INC., and
EPIC INDUSTRIES, INC., and
KECK'S FOOD SERVICE, INC.

                Defendants.

### Relevant Facts

This personal injury law suit stems from defendants' alleged failure to properly manufacture, package, label and sell a can of "Keck's Premium Food Release Spray" cooking spray that unexpectedly exploded and severely injured plaintiff on July 13, 2014. Plaintiff alleged that the spray was initially manufactured by ConAgra Foods for Epic Industries, Inc. ("Epic" or "Epic, Inc." hereinafter), who then sold it to Keck's Food Service, Inc., who later sold it to Sisters Family Restaurant where plaintiff worked at the time. See Plaintiff's Complaint (Docket # 1, ¶¶ 10, 19-22).

Currently pending before the Court is plaintiff's unopposed Motion for Alternative Service (Docket # 32) in which she seeks this Court's permission to have Epic, Inc. served by alternative means as service upon it has proven to be "impracticable" after she has made seven unsuccessful attempts to serve the company in the State of New Jersey and Florida. Id. Plaintiff requests an

1

Order of this Court allowing alternative service on Dennis Brady, Esq. of Goldberg Segalla, LLP, counsel who appeared on behalf of Epic, Inc. at the initial scheduling conference, and by sending a copy of the summons and complaint via regular mail to the two last known addresses for Epic's operations office and service agent.

## Discussion

Under Rule 4(h)(1) of the Federal Rules of Civil Procedure, a corporation must be served: (A) in the matter prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1).

Rule 4(e) provides that an individual must be served by (1) following state law for serving a summons in an action brought in court of general jurisdiction in the state where the district court is located or where the service is made; or (2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under Article 311 of New York State Civil Practice Law and Rules ("CPLR"), service upon a corporation shall be made "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a). Before the court decides if a motion for alternative service should be granted, the plaintiff must demonstrate impracticability in utilizing the statutorily prescribed methods for service. N.Y.C.P.L.R. 311(b); see also Rampersad v. Deutsche Bank Sec., Inc., No. 02 Civ.7311 (LTS)(AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2013).

Alternative service is permissible if it complies with due process by being "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." D.R.I., Inc. v. Dennis, No. 03 Civ. 10026(PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In the present matter plaintiff has attempted to serve Epic, Inc., seven times in the State of New Jersey and Florida

3

by utilizing services of Morris County and Hillsborough County Sheriffs' Departments after an internet search revealed the defendant's addresses in both states. See Docket # 32, Ex. B-C. Plaintiff has also attempted to serve four individuals who she believed were Epic employees, however, all such attempts were unsuccessful. Id. Ex. D. Therefore, I find that plaintiff has demonstrated that the statutorily prescribed methods of service provided by Rule 4 of the Federal Rules of Civil Procedure and Article 311 of the CPLR could not have been utilized and, in fact, were impracticable. S.E.C. v. Nnebe, No. 01 CIV. 5247(KMW)KNF, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) ("Courts have found a showing of impracticability, and have authorized alternative service, where a defendant could not be located by inquiring with the United States Postal Service or by searching computer databases.").

Accordingly, plaintiff is granted permission to effectuate service upon defendant, Epic, Inc., by utilizing alternative methods of service. Plaintiff's request to serve the summons and complaint upon Dennis Brady, Esq. of Goldberg Segalla, LLP, counsel who previously appeared on behalf of Epic at the initial scheduling conference with the Court, is granted. Service of the summons and complaint upon counsel is one of the several permissible forms of alternative service. Leab v. Streit, 584 F. Supp. 748, 763 (S.D.N.Y. 1984) (delivering the summons and

complaint to defendant's attorney where defendant's whereabouts were unknown was appropriate).

Additionally, plaintiff is permitted to send a copy of the summons and complaint via regular mail to the two last known addresses for defendant's service agent and corporate office. Grammenos v. Lemos, 457 F.2d 1067, 1071-72 (2d Cir. 1972) ("Rule 4(d)(3) permits personal service on a domestic or foreign corporation through service on one of its officers, a managing or general agent, or any agent authorized by appointment or by law to receive service of process."); Gov't Employees Ins. Co. v. Active Care Med. Supply Corp., No. 12-CV-5632 (SLT)(JO), 2013 WL 2319426, at *1-2 (E.D.N.Y. May 28, 2013) (granting plaintiff's motion for alternative service on defendants at their last known business addresses and by service upon counsel).

### Conclusion

Therefore, plaintiff's motion for alternative service (Docket # 32) **is granted.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: November 21, 2016
Rochester, New York