UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMIE MICCIO,

           Plaintiff,

vs.

CONAGRA FOODS, INC. and/or
SIMONIZ USA, INC. and/or
EPIC INDUSTRIES, INC. and/or
KECK'S FOOD SERVICE, INC.

           Defendants.

**ANSWER TO THIRD-PARTY COMPLAINT**

Civil No. 6:16-cv-06140

---

SIMONIZ USA, INC.,

           Third-Party Plaintiff,

v.

EPIC HOLDING COMPANY, INC. and
AMERICAN ACQUISITION PARTNERS, LLC

           Third-Party Defendants.

---

Third-party defendants, Epic Holding Company, Inc. and American Acquisition Partners, LLC, by their attorneys, Goldberg Segalla LLP, for their answer to the third-party complaint:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the third-party complaint.

2. Admit the allegations contained in paragraph 2 of the third-party complaint.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the third-party complaint.

4. Admit the allegations contained in paragraph 4 of the third-party complaint.

5. Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 5 of the third-party complaint.

6. Admit the allegations contained in paragraph 2 of the third-party complaint.

7. In response to paragraph 7 of the third-party complaint, these answering defendants deny the allegation that Epic Holding Company, Inc., previously owned and operated the business known as Epic Industries, Inc., and admit that Epic Industries, Inc. was named as a defendant in plaintiff's underlying personal injury action. These answering defendants deny the remaining allegations contained within paragraph 7 of the third-party complaint.

8. Admit the allegations contained in paragraph 8 of the third-party complaint.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the third-party complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the third-party complaint.

11. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the third-party complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the third-party complaint.

13. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the third-party complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the third-party complaint.

15. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 of the third-party complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 16 of the third-party complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the third-party complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the third-party complaint.

19. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the third-party complaint.

20. In response to paragraph 20 of the third-party complaint, these answering defendants admit that the allegations contained within paragraph 20 of the third-party complaint are an accurate reflection of the allegations in plaintiff's underlying complaint, but deny information sufficient to form a belief as to the veracity of plaintiff's allegations.

21. In response to paragraph 21 of the third-party complaint, these answering defendants admit that the allegations contained within paragraph 21 of the third-party complaint are an accurate reflection of the allegations in plaintiff's underlying complaint, but deny information sufficient to form a belief as to the veracity of plaintiff's allegations.

22. In response to paragraph 22 of the third-party complaint, these answering defendants admit that the allegations contained within paragraph 22 of the third-party complaint are an accurate reflection of the allegations in plaintiff's underlying complaint, but deny information sufficient to form a belief as to the veracity of plaintiff's allegations.

23. In response to paragraph 23 of the third-party complaint, these answering defendants admit that the allegations contained within paragraph 23 of the third-party complaint are an accurate reflection of the allegations in plaintiff's underlying complaint, but deny information sufficient to form a belief as to the veracity of plaintiff's allegations.

24. Respond to each allegation incorporated into paragraph 24 consistent with the responses set forth above.

25. In response to paragraph 25 of the third-party complaint, these answering defendants admit that the allegations contained within paragraph 25 of the third-party complaint are an accurate reflection of the allegations in plaintiff's underlying complaint, but deny information sufficient to form a belief as to the veracity of plaintiff's allegations.

26. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of the third-party complaint.

27. Deny the allegations contained in paragraph 27 of the third-party complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the third-party complaint.

29. Deny the allegations contained in paragraph 29 of the third-party complaint

30. Respond to each allegation incorporated into paragraph 30 consistent with the responses set forth above.

31. Deny the allegations contained in paragraph 31 of the third-party complaint.

32. Deny the allegations contained in paragraph 32 of the third-party complaint.

33. Deny the allegations contained in paragraph 33 of the third-party complaint.

34. Deny each and every other allegation of the third-party complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

1. The third-party complaint, in whole or part, fails to state a claim or cause of action against these answering defendants upon which relief can be granted.

2. Plaintiff's complaint, in whole or part, fails to state a claim or cause of action

4

against these answering defendants upon which relief can be granted.

3. Applicable statutes of limitations and the doctrine of laches bar third-party plaintiff's claims in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's underlying claims in whole or in part.

5. If Plaintiff sustained the injuries alleged in the underlying complaint, such injuries were the proximate result of Plaintiff's misuse or abuse of the product at issue herein.

6. Plaintiff knowingly and intentionally assumed any and all risks inherent in the use of the product at issue herein, which is a complete bar to any recovery.

7. The methods, standards, and techniques of designing, manufacturing, selling, and distributing the product at issue herein was determined by and applied in conformity with the generally recognized state of the art existing at the time that the product was designed, manufactured, sold, and distributed.

8. Any alleged negligent or culpable conduct of these answering defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, which these defendants deny, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. Plaintiff's claims are barred, in whole or in part, because the product at issue was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological

5

knowledge.

11. The product at issue herein was not unreasonably dangerous, it was suitable for the purposes for which it was intended, and it was sold and distributed with adequate warnings and/or instructions.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

13. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which these defendants are neither liable nor responsible or resulted from causes that are not related or connected with any product sold, distributed, or manufactured by these defendants. Such acts or omissions on the part of other persons or entities constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

14. If Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

15. These defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which these defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, these defendants effectively and fully disclaimed any warranty,

express or implied, in the sale of any product for which they are responsible in this matter.

16. These defendants are not strictly liable to Plaintiff because the product at issue herein was not defective when it left these defendants' possession or at any other relevant time.

17. Plaintiff's medical condition or injuries, if any, was not caused by the negligence or wrongful acts or omissions of these defendants.

18. The amount of any judgment in favor of Plaintiff must be reduced by the amount plaintiff received or could have received from any collateral source.

19. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a product designed, manufacture or sold by these defendants.

20. Prior to and at the time of the occurrences of which Plaintiff complains, Plaintiff was not using the product at issue herein in a safe or proper manner or in a manner in which such product was intended to be used.

21. Prior to and at the time of the occurrences of which Plaintiff complains, the product at issue herein was not in the same condition it was in at the time it left these defendants' control, such product having been independently and materially changed, altered, and/or modified by others over whom these defendants have no control and with whom these defendants have no legal relationship.

22. These defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**AS AND FOR A COUNTERCLAIM AGAINST DEFENDANT/THIRD PARTY PLAINTIFF, SIMONIZ USA, INC., THESE ANSWERING DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:**

1. These answering defendants deny any liability on their part. However, if the

Plaintiff recovers a judgment in this action against these answering defendants, their liability will have been brought about or caused by reason of the primary negligence and/or other culpability of third-party plaintiff, Simoniz USA, Inc., without any liability on the part of these answering defendants, thus entitling these answering defendants to judgment for contribution and common law indemnification as against the third-party plaintiff, including reasonable attorneys' fees and costs, and in such amount as shall be ultimately determined upon the trial of this action.

### AS AND FOR A CROSS CLAIM AGAINST DEFENDANTS, CONAGRA FOODS, INC., SIMONIZ USA, INC., AND KECKS FOOD SERVICE, INC., THESE ANSWERING DEFENDANTS ALLEGE, UPON INFORMATION AND BELIEF:

1. These answering defendants denies any liability on their part. However, if the Plaintiff recovers a judgment in this action against these answering defendants, their liability will have been brought about or caused by reason of the primary negligence and/or other culpability of defendants, ConAgra Foods, Inc., and/or Kecks Food Service, Inc. and/or defendant/third-party plaintiff, Simoniz USA, Inc., without any liability on the part of these answering defendants, thus entitling these answering defendants to judgment for contribution and common law indemnification as against these co-defendants, including reasonable attorneys' fees and costs, and in such amount as shall be ultimately determined upon the trial of this action.

**WHEREFORE**, judgment is demanded as follows:

1. Dismissing the Complaint;

2. Granting judgment on the counterclaim and cross-claims asserted herein;

3. Diminishing the damages otherwise recoverable in proportion to the culpable conduct of plaintiff and other culpable parties; and

4. Granting such other, further and different relief which may be just, proper and equitable.

Dated: Buffalo, New York
December 22, 2016

        Respectfully submitted,

        GOLDBERG SEGALLA LLP

By:   /s/*Kenneth L. Bostick, Jr.*
      Kenneth L. Bostick, Jr., Esq.
      *Attorneys for Third-Party Defendants*
      *Epic Holding Company, Inc. and*
      *American Acquisition Partners, LLC*
      665 Main Street, Suite 400
      Buffalo, New York 14203-1425
      Phone:  (716) 566-5400
      Fax:     (716) 566-5401

5962677.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMIE MICCIO,

           Plaintiff,

vs.

CONAGRA FOODS, INC. and/or
SIMONIZ USA, INC. and/or
EPIC INDUSTRIES, INC. and/or
KECK'S FOOD SERVICE, INC.

           Defendants.

Civil No. 6:16-cv-06140

---

SIMONIZ USA, INC.,

           Third-Party Plaintiff,

v.

EPIC HOLDING COMPANY, INC. and
AMERICAN ACQUISITION PARTNERS, LLC

           Third-Party Defendants.

---

### **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2016, I served the foregoing Third-Party Answer utilizing the Court's CM/ECF system, which would thereby notify the following CM/ECF participants:

    Anna Czarples, Esq.
    Welch, Donlon & Czarples, PLLC
    *Attorneys for Plaintiff*
    8 Denison Parkway East
    Corning, NY 14830
    (607) 936-8057

    Todd R. Michaelis, Esq.

Carmody Torrance Sandak & Hennessey LLP
*Attorneys for Defendant*
*ConAgra Foods, Inc.*
50 Leavenworth Street
PO Box 1110
Waterbury, CT 06721
(203) 578-4287
Fax: (203) 575-2600
Tmichaelis@carmodylaw.com


Kevin J. Kruppa, Esq.
Rupp Baase Pfalzgraf Cunningham LLC
*Attorneys for Defendant*
*Simoniz USA, Inc.*
424 Main Street, Suite 1600
Buffalo, NY 14202
(716) 854-3400
Fax: (716) 332-0336
Kruppa@ruppbaase.com


Richard S. Poveromo, Esq.
Law Offices of Destin C. Santacrose
*Attorneys for Defendant*
*Keck's Food Service, Inc.*
300 Pearl Street, Suite 345
Buffalo, NY 14202
(716) 852-6923
Fax: (716) 856-7417
Richard.poveromo@libertymutual.com


Dated: Buffalo, New York
December 22, 2016

                          Respectfully submitted,

                          GOLDBERG SEGALLA LLP


                          */s/Kenneth L. Bostick, Jr.*
                          Kenneth L. Bostick, Jr., Esq.
                          *AttnysFor*
                          665 Main Street, Suite 400

Buffalo, New York 14203-1425
Phone: (716) 566-5400
Fax:    (716) 566-5401
kbostick@goldbergsegalla.com